[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S AND CHILDREN'S ATTORNEY'S MOTIONS TO STRIKE
On November 28, 1994, Attorney Barbara Ruhe filed an appearance for the defendant "in addition to" the defendant's pro se appearance. After a hearing on the record, this Court granted the plaintiffs' Motion to Strike Attorney Ruhe's appearance based on her own testimony that she had no control over communication with the defendant.
Thereafter, on January 18, 1995, Attorney Ruhe filed an "in lieu of" appearance on behalf of the defendant. On January 30, 1995, the counsel and guardian ad litem for the minor children filed a Motion to Strike Attorney Ruhe's "in lieu of" appearance and on January 31, the plaintiff also filed a Motion to Strike Attorney Ruhe's "in lieu of" appearance.
Since the Court has already struck Attorney Ruhe's "in addition to" appearance on November 28, 1994, after hearing, the January 18, 1995 filing of an appearance "in lieu of" is simply an attempt to raise again an issue which has already been determined by the Court in this case and is, therefore, the law of the case. Law of the case is defined as the controlling legal rule of decision, as established by a previous decision, between the same parties in the same case." 21 C.J.S. § 195, p. 330. The CT Page 2124 doctrine of the law of the case is a rule of practice and not a principle of substantive law. Id., 330-31. It is a flexible principle which expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982); see Rosenblit v.Danaher, 206 Conn. 125, 132, 537 A.2d 145 (1988). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v.Phelps, supra, 186 Conn. 99. "A judge should hesitate to change his own ruling in a case and should be even more reluctant to overrule a ruling of another judge." Id. Since Attorney Ruhe has not presented any new or overriding circumstances in the instant case, the Court will not change its own ruling.
In oral argument in furtherance of her Motion to Strike, Ms. Benedict, the children's attorney, pointed out that the appearance in question is an "in lieu of appearance" where the earlier appearance was "in addition to." Practice Book § 65 states, in pertinent part, that "[u]nless a written objection is filed within ten days after the filing of an in-lieu-of appearance, the appearance or appearances to be replaced by the new appearance shall be deemed to have been withdrawn . . ." This Court ordered that Ms. Wiegand, the Defendant, maintain an appearance in this file. The filing of an "in lieu of appearance" is in clear contravention of such order.
It does appear, from the language in Practice Book § 65, however, that the plaintiff and children's attorney should have objected to Attorney Ruhe's appearance rather than filing a motion to strike her appearance. The court in Woodward Tiny Tot Furniture v. Silver Rattle, explained that a "motion to strike the defendant's appearance is not sanctioned by Practice Book 152, which prescribes the use of such a motion only for addressing the legal sufficiency of a pleading or nonjoinder of a necessary party." Superior Court, Judicial District of Hartford/New Britain at Hartford, DN. 511214 7 CONN. L. RPTR. 78 (1992) (Shea, J.) Further, both Motions to Strike, filed on January 30 and CT Page 2125 31, were beyond the ten-day limit enumerated in Practice Book § 65. However, since there was no inordinate delay in the filing and, since counsel for the plaintiff and for the children both were under the impression that they had fifteen days to file their objections in the form of a Motion to Strike, the Court will treat the objections as timely filed for purposes challenging the January 18 appearance.
Accordingly, for the aforementioned reasons, plaintiff's and children's attorneys Motion to Strike are granted.